THE CITY OF NEW YORK, Appellant, v. DOMINICK MILONE, and Others, Respondents.— Action for ejectment and for damages for use and occupation of a parcel of land in the incorporated village of Rockville Centre, Nassau county. Judgment for the defendants reversed on the facts and a new trial granted, with costs to abide the event. The verdict was against the weight of the credible evidence. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

ANNIE CLAFFEE, Appellant, v. WILLIAM HAEUSSLER and HANS RIECKHOFF, Respondents.— In an action to recover damages for personal injuries sustained by plaintiff when she slipped on a wet sidewalk and fell into the stairway leading to the basement of the premises owned by one defendant and operated as a business by the other defendant, judgment entered on the verdict of a jury in favor of defendants reversed on the facts and a new trial granted, with costs to appellant to abide the event, upon the ground that the determination of the jury is against the weight of the evidence. Johnston, Taylor and Close, JJ., concur; Adel, J., dissents and votes to affirm, with the following memorandum: The correctness of the court's instructions to the jury is not adequately tested upon isolated excerpts therefrom. When the whole charge is read it shows that it correctly gave the law to the jury on the theory on which the case was pleaded and tried and was fair to plaintiff-appellant. Under the facts and circumstances of this case the charge with respect to the effect of violations of city ordinances was correct. The violation of the ordinances requiring a building permit and certificate of occupancy had no causal connection with the injury when the fact is that the structure erected was not a violation of any ordinance. In any event, the court's instructions did permit the jury to find that there was such a violation and that it could be taken as some evidence of negligence. This might be a more liberal standard than plaintiff was entitled to, but the jury nevertheless found in defendants' favor. The verdict implies that there was no negligence on the part of defendants, or, if there was, that it was not the proximate cause of plaintiff's injury. In my opinion it may not be held that the evidence does not support the verdict or that the verdict is against the weight of the evidence. Lazansky, P. J., dissents and votes to affirm, with the following memorandum: There was no proof of negligence on the part of either defendant.

GERTRUDE E. CORON, as Administratrix of the Estate of ELMER W. CORON, Deceased, Appellant. v. RUTH P. CORON, and Others, Respondents.— Action to establish an easement over land owned by certain of the defendants. Judgment dismissing plaintiff's complaint on the merits and order denying her motion for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.